



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Sumit Sud
*Assistant Corporation Counsel*
ssud@law.nyc.gov
(212) 788-1096
(212) 788-9776 (fax)

April 15, 2008

So ordered
Sweet USDJ
4-16-08

**BY FAX (212) 805-7925**
The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   Rodolphe Nogbou v. Police Officer Mayrose et al.,
           07 Civ. 3763 (RWS)

           Rodophe Nobou v. Police Officer LoRe, et al.,
           07 Civ. 8515 (RWS)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of these matters. I write to respectfully request that defendants be permitted to move to dismiss plaintiff's above referenced complaints pursuant to Federal Rule of Civil Procedure 12(c) and to adopt the proposed briefing schedule set forth below. In addition, defendants respectfully request that all discovery be stayed pending a resolution of defendants' dispositive motion pursuant to Fed. R. Civ. P. 12(c).

    As way of background, on May 5, 2007, plaintiff filed his first action, bearing Civil Docket No. 07 Civ 3763(RWS) (hereinafter "plaintiff's first complaint"), wherein he alleged that officers LoRe and Mayrose along with the staff at Bellevue Hospital Center violated his rights. Specifically, plaintiff alleged that on two occasions, February 13, 2007 and February 27, 2007, he was sleeping outside when Police Officers LoRe and Mayrose attacked him and forcefully transported him to Bellevue Hospital. Plaintiff maintained that at the time he was taken to Bellevue, his personal property, including computer equipment, a cell phone, and compact disc player with Bose headphones were left behind. Upon his release from the hospital on February, 27, 2007, plaintiff alleges that he returned to the precinct to retrieve his belongings, at which time he was forcefully removed from the precinct and assaulted by defendants. Plaintiff further

alleges that he was subsequently arrested for Disorderly Conduct and Resisting Arrest. Notwithstanding, plaintiff ultimately pled guilty and served three days of community service. On October 10, 2007, the defendants in plaintiff' first action, filed their answer and subsequently on November 20, 2007, Your Honor entered a discovery schedule for that case.

On October 2, 2007, plaintiff filed another action with this Court, bearing Docket No. 07 Civ. 8515 (RWS) (hereinafter "plaintiff's second complaint"), a copy of which was only received by this office on January 7, 2008. Upon reviewing the second complaint, it is evident that it contains exactly the same defendants and identical allegations as those in plaintiff's first complaint. The second complaint filed bearing Docket No. 07 Civ. 8515, appears to be a verbatim recitation of the complaint filed by plaintiff his first action. Both contain allegations stemming from the events of February 13th and 27th 2007.

Accordingly, on January 28, 2008, defendants moved before Your Honor to consolidate the two actions for all purposes pursuant to Fed. R. Civ. P. 42(a), and on March 18, 2008, Your Honor granted defendants' motion and consolidated the two above matters.

Defendants now respectfully request that they be allowed to move to dismiss both of plaintiff's actions pursuant to Fed. R. Civ. P. 12(c) in light of plaintiff's failure to state a viable claims. Defendants plan on moving to dismiss plaintiff's complaints for the following reasons:

A. False Arrest:

Briefly, plaintiff plead guilty to the underlying charges and was sentenced to three days of community service, accordingly plaintiff has no viable claims for false arrest The Supreme Court in Heck v. Humphrey et al., 512 US 477, 114 S. Ct. 2364 (1994) held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983." Id. 143.

B. Malicious Prosecution:

Likewise, plaintiff's conviction upon a plea of guilty precludes plaintiff from asserting a valid malicious prosecution claim. The Second Circuit has held that plaintiff must show a favorable termination, as to ensure against inconsistent judgments. See Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989). Accordingly, plaintiff cannot, as a matter of law, satisfy the elements of a valid malicious prosecution claim.

C. Deprivation of Personal Property

To the extent that plaintiff alleges defendants deprived him of his property during the course of his arrest, it should be noted that allegations concerning a deprivation of property are not actionable. The Supreme Court has held that when a state employee deprives a person of property, no action lies under 42 U.S.C. § 1983 so long as the state provides a meaningful post-deprivation remedy under state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on

other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Plaintiff is required to avail himself of the appropriate state remedies prior to bringing a Section 1983 claim. Dove v. City of New York, No. 99 Civ. 3020 (DC), 2000 U.S. Dist. LEXIS 4053 (S.D.N.Y. 2000).

### D. Claims against State Judge Richard Wienberg and Midtown Community Court

In light of the doctrines of judical immunity and the Eleventh Amendment, plaintiff's allegations of wrongdoing on the part of State Judge Richard Wienberg and the Midtown Community Court must fail.

### E. Excessive Force:

To the extent that plaintiff asserts that he was subjected to excessive force, plaintiff fails to show that his injuries were anything more then *de minimis* in nature and accordingly should be dismissed. See, Maxwell v. City of New York, 272 F. Supp. 2d 285, 298 (S.D.N.Y. 2003) ("minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an arresting officer cannot be held unremittingly liable for every such incident").

### F. Conspiracy:

Plaintiff's allegations asserting a conspiracy between the defendants and the State Court resulting in his conviction are without merit. For example, plaintiff cannot show any set of facts that (1) set forth facts (not merely a recitation of conclusory allegations): (2) which clearly demonstrate an agreement between the alleged co-conspirators: and (3) prove that certain specific acts were committed in furtherance of that agreement. See Zemsky v. City of New York, 821 F. 2d 148, 151 (2d Cir. 1987), cert. denied, 484 U.S. 965 (1987) (dismissing pro se complaint containing only vague and conclusory allegations of conspiracy); Brown v. Hutton Group, 795 F. Supp. 1317, 1324 (S.D.N.Y. 1992); Weg v. Macchiarola, 654 F. Supp. 1189, 1194 (S.D.N.Y. 1987).

Accordingly, defendants respectfully request to be allowed to move to dismiss plaintiff's complaints pursuant to Fed. R. Civ. P. 12(c), and that Your Honor adopt the following briefing schedule:

> Defendants' Motion due: May 23, 2008
>
> Plaintiff's Opposition due June 23, 2008
>
> Defendants Reply Brief due: July 11, 2008.

### Discovery Should Be Stayed:

Furthermore, defendants respectfully request that all discovery be stayed pending the resolution of defendants' motion pursuant to Fed. R. Civ. P. 12(c). Defendants motion is fully dispositive. In the event that any of plaintiff's claims survive defendants' motion, then discovery would be limited solely to those claims. Since defendants motion has the potential to streamline any claims or issues, staying discovery at this juncture would conserve both time and resources.

Accordingly, defendants respectfully request to be permitted to move to dismiss plaintiff's above referenced complaints pursuant to Federal Rule of Civil Procedure 12(c) and that the Court adopt the proposed briefing schedule set forth above. In addition, defendants respectfully request that all discovery be stayed pending a resolution of defendants' dispositive motion pursuant to Fed. R. Civ. P. 12(c).

Thank you for your consideration of these requests.

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc:   Rodolphe Nogbou
      *Pro Se* Plaintiff
      #60326-054
      150 Park Row
      New York, NY 10007 (by regular mail)